UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARNETT ALSTON, JR.,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Defendant. | Case No. 18-cv-06202-KAW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 18, 19 |

Plaintiff Barnett Alston, Jr. seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, and the remand of this case for payment of benefits, or, in the alternative, for further proceedings.

Pending before the Court is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Having considered the papers filed by the parties, and for the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment, and DENIES Defendant's cross-motion for summary judgment.

## I. BACKGROUND

Plaintiff applied for Title XVI benefits on March 9, 2015. (Administrative Record ("AR") 15, 174-77.) Plaintiff asserted disability beginning January 1, 2010. (AR 174.) The Social Security Administration ("SSA") denied Plaintiff's application initially and on reconsideration. (AR 53, 66.) On August 3, 2015, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 86.) The ALJ held a hearing on January 10, 2017. (AR 26.)

Following the hearing, the ALJ denied Plaintiff's application on June 9, 2017. (AR 15-22.) A request for review of the ALJ's decision was filed with the Appeals Council on August 2, 2017. (AR 148-49.) The Appeals Council denied Plaintiff's request on August 7, 2018. (AR 1.)

1    On October 10, 2018, Plaintiff commenced this action for judicial review pursuant to 42
U.S.C. § 405(g). On March 15, 2019, Plaintiff filed his motion for summary judgment. (Pl.'s
Mot., Dkt. No. 18.) On April 12, 2019, Defendant filed an opposition and cross-motion for
summary judgment. (Def.'s Opp'n, Dkt. No. 19.) On June 4, 2019, Plaintiff filed his reply. (Pl.'s
Reply, Dkt. No. 25.)

## II. LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the Commissioner's findings are 1) based on legal error or 2) are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Under Social Security Administration ("SSA") regulations, disability claims are evaluated according to a five-step sequential evaluation. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). At step one, the Commissioner determines whether a claimant is currently engaged in substantial gainful activity. *Id.* If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). *Reddick*, 157 F.3d 715 at 721. If the answer is no, the claimant is not disabled. *Id.* If the answer is yes, the Commissioner proceeds to step three, and determines whether the impairment meets or equals a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If this requirement is met, the claimant is disabled. *Reddick*, 157 F.3d 715 at 721.

If a claimant does not have a condition which meets or equals a listed impairment, the

fourth step in the sequential evaluation process is to determine the claimant's residual functional capacity ("RFC") or what work, if any, the claimant is capable of performing on a sustained basis, despite the claimant's impairment or impairments. 20 C.F.R. § 404.1520(e). If the claimant can perform such work, he is not disabled. 20 C.F.R. § 404.1520(f). RFC is the application of a legal standard to the medical facts concerning the claimant's physical capacity. 20 C.F.R. § 404.1545(a). If the claimant meets the burden of establishing an inability to perform prior work, the Commissioner must show, at step five, that the claimant can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d 715 at 721. The claimant bears the burden of proof in steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001). The burden shifts to the Commissioner in step five. *Id.* at 954.

### III.  DISCUSSION

Plaintiff challenges the ALJ's decision on three grounds: (1) the ALJ improperly rejected medical opinions, including those by Plaintiff's treating physicians, (2) the ALJ improperly rejected Plaintiff's testimony, and (3) the ALJ erred at step five by providing an incomplete hypothetical. (Pl.'s Mot. at 8, 12, 14.)

#### A.  Improper Rejection of Medical Opinions

The court "distinguish[es] among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987). "At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing reasons.'" *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). If a treating physician's medical opinion is contradicted by another doctor, the ALJ must identify specific legitimate reasons supported by substantial evidence to give more weight to the non-treating doctor's opinion. *Id.*

### i. Dr. Shrestha and Dr. Chandrachood

Smriti Shrestha, M.D., is Plaintiff's treating physician. Unlike the ALJ's RFC, which found that Plaintiff was capable of performing medium work, Dr. Shrestha opined that Plaintiff had chronic pain, chronic tenderness, limitation of motion, crepitus, and instability in his right knee. (AR 275.) Dr. Shrestha also opined that Plaintiff's symptoms would frequently interfere with his attention and concentration to perform even simple work tasks. (AR 276.) Dr. Shrestha found that due to his right knee and lower back pain, Plaintiff could only walk half a block without rest or severe pain, sit for 25 minutes at a time, and stand for twenty minutes at a time. (AR 276.) Dr. Shrestha opined that Plaintiff could sit for four hours and stand for two hours in total, and would need to walk for about twenty minutes per eight hour workday, shift positions due to pain, and take unscheduled breaks every thirty to sixty minutes for fifteen to twenty minutes. (AR 277.) Plaintiff could frequently carry less than ten pounds, occasionally carry ten pounds, and never carry twenty pounds or more. (AR 277.) Plaintiff could rarely twist, occasionally stoop and climb ladders or stairs, and never crouch or squat. (AR 277-78.) Finally, Dr. Shrestha found that Plaintiff would likely be absent from work more than four days a week. (AR 278.)

Swapnaja Chandrachood, M.D., is also Plaintiff's treating physician. Dr. Chandrachood opined that Plaintiff could walk less than one block without rest or severe pain, could sit and stand for twenty minutes at a time, and could sit, stand, and walk for a total of one hour per eight-hour workday. (AR 637.) Dr. Chandrachood further opined that Plaintiff could occasionally carry less than ten pounds, rarely carry ten ponds, and never carry twenty pounds or more. (AR 638.) Plaintiff could never twist, stoop, crouch or squat, climb ladders, or climb stairs. (AR 639.) Finally, Dr. Chandrachood found that Plaintiff would likely be absent from work for four days a month. (AR 639.)

The ALJ gave "less weight" to Dr. Shrestha's and Dr. Chandrachood's opinions. (AR 21.) The ALJ found that Dr. Shrestha and Dr. Chandrachood "effectively concluded the claimant is unable to perform reliable work activity," but that "the preponderance of the longitudinal medical evidence of record does not support their overwhelming restricted functional assessments." The ALJ instead gave great weight to the state agency doctors, on the grounds that "[t]he objective

4

findings of record are generally benign at best, with the treatment limited to a generally conservative nature at best." (AR 21.)

The Court finds that these are not specific legitimate reasons supported by substantial evidence because the ALJ failed to explain any of the medical evidence. In *Embrey v. Bowen*, the Ninth Circuit found that "[t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." 849 F.2d 418, 421 (9th Cir. 1988). Instead, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors' are correct." *Id.* at 421-22.

Here, the ALJ described the doctors' opinions and described several test results, but did not provide interpretations of the medical evidence or explain why those interpretations were correct. (*See* AR 19-20.) This is insufficient per *Embrey*. Similarly, with respect to the ALJ's finding regarding the "generally conservative" treatment, the ALJ provided no explanation why the treatment was conservative, or what the treatment entailed. *See Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017) (finding the ALJ erred when he "provided no explanation why he deemed this treatment 'conservative'").

In response, Defendant goes into great detail about various findings and results by Dr. Shrestha and Dr. Chandrachood, which Defendant argues would conflict with Dr. Shrestha's and Dr. Chandrachood's opinions. (Def.'s Opp'n at 4-5.) The ALJ, however, never referred to *any* of these findings and results in his opinion, and Defendant notably never cites to the ALJ's opinion in discussing these allegedly conflicting findings and results. Defendant cannot use *post hoc* rationales to justify the ALJ's conclusion. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ -- not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking").

Accordingly, the Court finds that the ALJ erred in giving Dr. Shrestha's and Dr. Chandrachood's opinions less weight because he failed to identify any specific legitimate reasons.

5

####    ii.    Mr. Cacciaroni

Darrell Cacciaroni, M.S., is Plaintiff's treating therapist.  (AR 641.)  Mr. Cacciaroni diagnosed Plaintiff with major depression, anxiety, and post-traumatic stress disorder ("PTSD"), and opined that Plaintiff's mental health would inhibit his ability to seek employment or sustain any job that required manual labor or extensive concentration.  (AR 642.)  Plaintiff would also have problems interacting with anyone he did not have a close relationship with.  (AR 642.)

Mr. Cacciaroni is a licensed marriage and family therapist, which is not an acceptable medical source.[1]  *See Quezada v. Berryhill*, No. EDCV 16-1013-KS, 2017 U.S. Dist. LEXIS 81477, at *13 (C.D. Cal. May 25, 2017).  The ALJ may only disregard Mr. Cacciaroni's testimony if he "gives reasons germane to [him] for doing so."  *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010).

As with Dr. Shrestha and Dr. Chandrachood, the ALJ gave "less weight" to Mr. Cacciaroni's opinion because it was not supported by "the preponderance of the longitudinal medical evidence of record," without any additional explanation.  (AR 21.)  The ALJ's opinion was limited to describing Mr. Cacciaroni's finding, and he did not describe any other mental findings other than the state agency doctors' conclusions that the alleged mental impairments were nonsevere.  (*See* AR 21-22.)  The ALJ failed to explain why Mr. Cacciaroni's opinions were not consistent with the longitudinal medical evidence, as the ALJ did not provide an explanation or interpretation of the longitudinal medical evidence.  *See Embrey*, 849 F.2d at 421-22.  Further, to the extent Defendant points to other parts of the record that did not support Mr. Cacciaroni's opinion, again, the ALJ did not rely on those reasons and Defendant cannot use *post hoc* rationales to justify the ALJ's conclusion.  *See Bray*, 554 F.3d at 1225.

Accordingly, the Court finds that the ALJ erred in giving Mr. Cacciaroni's opinion less weight because he failed to identify any germane reason for doing so.

####    iii.   Jeff Kauffman

On December 7, 2016, Plaintiff had a physical capacities examination with occupational

---

[1] Defendant appears to incorrectly state that Mr. Cacciaroni is a social worker.  (Def.'s Opp'n at 6.)

therapist ("OT") Jeff Kaufman. (AR 646.) OT Kaufman observed that Plaintiff's decreased lumbar and right knee limited him from performing functional movements such as stooping, squatting, and crouching. (AR 647.) OT Kaufman found Plaintiff demonstrated normal functional strength in bilateral upper extremities and his lower left extremity, but that Plaintiff would benefit from a sedentary occupation that did not require heavy lifting, carrying, pushing, pulling, or prolonged standing. (AR 647.)

The ALJ did not address OT Kaufman's opinion, and neither does Defendant. While an occupational therapist is not an "acceptable medical source," they are "other sources" whose testimony may be discounted only if the ALJ gives germane reasons for doing so. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Hatfield v. Berryhill*, 768 Fed. Appx. 629, 631 (9th Cir. 2019). As the ALJ gave no explanation for rejecting OT Kaufman's opinion, the Court finds that the ALJ erred.

### B. Improper Rejection of Plaintiff's Testimony

The Court also finds that the ALJ erred in evaluating Plaintiff's allegations of the severity of his symptoms. In the absence of affirmative evidence of malingering, the ALJ may reject a claimant's testimony by offering clear and convincing reasons for doing so. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). In weighing a claimant's credibility, an ALJ may consider "the claimant's daily activities." *Id.* (internal quotation omitted). "Daily activities can form the basis of an adverse credibility finding where the claimant's activities (1) contradict her other testimony or (2) meet the threshold for transferable work skills." *Sabin v. Astrue*, 337 Fed. Appx. 617, 620 (9th Cir. 2009) (citing *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Here, the ALJ's only explanation for rejecting Plaintiff's testimony was that his statements were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 19.) As discussed above, the ALJ failed to explain the medical evidence. Further, the ALJ failed to specifically identify which of Plaintiff's statements he found not credible and why. The Ninth Circuit has found error where an ALJ concluded that a claimant's functional limitations were less serious than alleged "based on unspecified claimant testimony and a summary of medical evidence." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th

7

Cir. 2015). There, the ALJ "simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination. This is not the sort of explanation or the kind of 'specific reasons' [the court] must have in order to review the ALJ's decision meaningfully, so that [the court] may ensure that the claimant's testimony was not arbitrarily discredited." *Id.* at 494.

Here, the ALJ did not identify which of Plaintiff's statements specifically was inconsistent with which medical findings or opinions. The only specific statement he addressed was Plaintiff's allegation that he did not like being around people, to which he gave "some credit." (AR 21.) Otherwise, the ALJ made the credibility finding before summarizing the various medical opinions.

Defendant points to various parts of the record that show Plaintiff had a normal gait and muscle strength, and that physical therapy helped his pain and mobility. (Def.'s Opp'n at 8.) The ALJ, however, did not state that these were the reasons for discrediting Plaintiff's testimony; in fact, the ALJ did not refer to these findings at all. Again, Defendant cannot use *post hoc* rationales to justify the ALJ's conclusion. *See Bray*, 554 F.3d at 1225. Moreover, the ALJ still did not point to which specific statements by Plaintiff were inconsistent. This failure to identify specific testimony and explain the inconsistencies constitutes error that prevents the Court from "discern[ing] the agency's path because the ALJ made only a general credibility finding without providing any reviewable reasons why [he] found [Plaintiff's] testimony to be not credible. . . . [P]roviding a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptoms testimony is not credible." *Brown-Hunter*, 806 F.3d at 494.

Accordingly, the Court finds that the ALJ erred and that remand is necessary to allow the ALJ to determine the extent to which Plaintiff's pain and accompanying symptoms affect his disability claim. *See Brown-Hunter*, 806 F.3d at 495-96 (remanding for further proceedings to allow the ALJ to make a proper disability determination in the first instance where the ALJ failed to specify which termination was found not credible and why).

**C. Error at Step Five**

Finally, Plaintiff argues that the ALJ erred at step five because his hypotheticals to the

8

vocational expert were incomplete, as he did not include limitations assessed by Plaintiff's treating doctors, treating counselor, and examining OT. (Pl.'s Mot. at 14.) As discussed above, the ALJ erred in giving less or no weight to these opinions, and thus his hypotheticals were incomplete. Accordingly, the ALJ erred at his step five determination.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's cross-motion for summary judgment.

Because it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence was properly evaluated, remand is appropriate. On remand, the ALJ must properly evaluate the medical evidence based on applicable law and consistent with this opinion.

IT IS SO ORDERED.

Dated: March 13, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge